IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ESTELLA HEATH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-279 (MTT) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

# ORDER

United States Magistrate Judge Charles Weigle recommends affirming the Commissioner's decision to deny the Plaintiff's application for benefits and denying the Plaintiffs Motion for Reversal or Remand (Doc. 14), because substantial evidence supports the Commissioner's decision. (Doc. 19). The Plaintiff has not objected to the Recommendation. The Court has reviewed the Recommendation and accepts the findings, conclusions, and recommendations of the Magistrate Judge, but adds the following observations.

In the parties' briefing before the Magistrate Judge, the Plaintiff (in her brief replying to the Commissioner's memorandum (Doc. 16)) argues that the ALJ erred by not taking into account the Plaintiff's financial inability to obtain the treatment that, in the ALJ's determination, put her in a mental state capable of engaging in substantial gainful activity. (Doc. 18, at 5-6). This argument was not addressed directly by the Magistrate Judge, so the Court addresses it here.

> "[W]hen an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Ellison v. Barnhart,* 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam). Where the ALJ did not rely significantly on the claimant's noncompliance, however,

> the ALJ's failure to consider evidence regarding the claimant's ability to afford her prescribed treatment does not constitute reversible error. *Id.*

*Bellew v. Acting Com'r of Soc. Sec.*, 605 F. App'x 917, 921 (11th Cir. 2015).

It is apparent that the ALJ did not significantly rely on the Plaintiff's noncompliance in denying her disability benefits, and, in any event, any reliance was harmless error.  As evidence of her financial inability to comply with her medical regimen, the Plaintiff points to medical records from February and March of 2013 that reflect her statements that she had not taken her medication because she was then unable to afford it.  However, the Plaintiff did not raise her inability to afford her medication at the hearing before the ALJ or indicate that she would not be able to afford the medication in the future.  To the contrary, the Plaintiff testified that she did not miss her medications, but rather took them "all the time." (Doc. 11-2, at 70).  The Plaintiff had numerous opportunities at the hearing to explain that her medical regimen was ineffective due to her financial inability to buy the medicine, but never did so.  (*See, e.g.*, Doc. 11-2, at 57, 67, 68, 69).  Because the Plaintiff did not indicate future noncompliance, the ALJ had no occasion to determine whether any such noncompliance would be justified.

While the ALJ does make some reference to historical instances of the Plaintiff's noncompliance in discounting the Plaintiff's testimony as to the intensity, persistence, and limiting effects of her alleged symptoms, any error made in doing so was harmless.

The ALJ only assigned weight to the Plaintiff's historical noncompliance in one instance—a medical record from March 1, 2012 stating that the Plaintiff had not taken her pain medications for at least five months and had not taken any over-the-counter pain medications. (Doc. 11-10, at 150).  There was no indication from that record (or

otherwise) that this instance of noncompliance was related to the Plaintiff's inability to afford her medication.

More importantly, however, the most significant portion of the ALJ's decision encompasses discussion of other considerations.  First, the ALJ found the Plaintiff's credibility undermined by comparing records of the Plaintiff's and her daughter's prior inconsistent statements as to the Plaintiff's symptoms and daily activities. (Doc. 11-2, at 20).  Second, the ALJ was not persuaded by the Plaintiff's testimony of her symptoms after reviewing and extensively discussing medical reports prepared by at least five medical professionals.  (Doc. 11-2, at 20-26).  And third, to the extent that the ALJ relied on the effectiveness of the Plaintiff's future compliance with her medical regimen, such references are amply supported by the Plaintiff's testimony that she took her medications regularly and her admission (not to mention the overwhelming evidence to this effect from her medical records) that the medical regimen at least partially mitigated her symptoms.

Accordingly, the ALJ's reference to the Plaintiff's past noncompliance was not a significant factor in reaching his decision and substantial evidence supports the ALJ's conclusion that the Plaintiff is capable of engaging in substantial gainful activity.  Thus, the Recommendation is **ADOPTED** and made the order of this Court, the Plaintiff's Motion for Reversal or Remand is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this 20th day of September, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

3